<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELA M. HYRA,<br><br>                 Plaintiff,<br><br>                 v.<br><br>CHIPOTLE SERVICES, *et al.*,<br><br>                 Defendants. | Civil Action No. 24-8836 (MAS) (JBD)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

    This matter comes before the Court on Defendants Chipotle Services, LLC ("Chipotle") and Kushal Sridhar's ("Sridhar") (collectively, "Defendants") Partial Motion to Dismiss Plaintiff Angela M. Hyra's ("Plaintiff") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 8.) Plaintiff opposed (ECF No. 11), and Defendants replied (ECF No. 14). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1(b). For the reasons below, the Court grants in part and denies in part Defendants' Motion to Dismiss.

**I.    BACKGROUND**[2]

    Plaintiff was hired by Chipotle in January 2017 and terminated on September 13, 2023. (Am. Compl. ¶ 14, ECF No. 9-1.) During her nearly seven-year career at Chipotle, Plaintiff was promoted from crew manager to acting general manager, and then general manager. (*Id.* ¶¶ 14,

---

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

[2] For the purposes of this Motion to Dismiss, the Court accepts as true and summarizes the facts alleged in the Amended Complaint. *See Phillips v. County of Allegheny*, 515 F.3d 224. 233 (3d Cir. 2008).

18-21.) Sometime in 2022, Plaintiff began the process of becoming a certified training manager. (*Id.* ¶ 27.) In or around June 2023, after learning she was pregnant with her first child, Plaintiff informed her direct supervisor at Chipotle, Sridhar, of her pregnancy. (*Id.* ¶¶ 23-25.) Around this time, from approximately May 2023 to August 2023, Plaintiff was also the subject of multiple internal investigations at Chipotle, which Plaintiff alleges were "pretextual and/or otherwise unsubstantiated." (*Id.* ¶ 34.) Prior to her termination, Plaintiff states she never received any verbal or written warnings or disciplinary action of any kind from Chipotle. (*Id.* ¶ 22.)

Less than one month after informing Sridhar of her pregnancy, Sridhar removed Plaintiff from the process of becoming a certified training manager. (*Id.* ¶ 26.) Sridhar also removed another pregnant employee, Tashana Clark ("Clark"), from her position as apprentice general manager, and stated it did not make sense for Clark to be apprentice general manager because Clark planned to go on maternity leave shortly after Plaintiff's planned maternity leave. (*Id.* ¶¶ 29-33.) Sridhar subsequently gave the position of apprentice general manager to a male employee named Bryan Meehan, who assumed the role around August 12, 2023. (*Id.* ¶¶ 32-33.)

In July 2023, Plaintiff began experiencing back and neck pain, and was diagnosed with lumbosacral radiculopathy, pain in the thoracic spine, cervicalgia, and back muscle spasms. (*Id.* ¶ 37.) Plaintiff also suffers from Hashimoto's disease, which increased Plaintiff's risk of preeclampsia during pregnancy. (*Id.* ¶ 43.) On June 28, 2023, Plaintiff informed Sridhar of these medical diagnoses and of her doctor's prescribed restrictions on lifting heavy weights. (*Id.* ¶¶ 38-39.) From August 26, 2023, to August 30, 2023, Plaintiff took sick leave due to nausea, vomiting, diarrhea, and cough. (*Id.* ¶ 41.)

On August 30, 2023, Plaintiff formally requested pregnancy and childbirth medical leave to begin on September 13, 2023, which was approved the next day. (*Id.* ¶¶ 45-46.) From September 1, 2023, to September 12, 2023, Plaintiff took a pre-scheduled vacation leave. (*Id.* ¶ 42.) On the

date Plaintiff's maternity leave was scheduled to begin, September 13, 2023, Plaintiff was abruptly terminated. (*Id.* ¶¶ 2, 14.) Plaintiff was told that the decision to terminate her employment was due to her editing employees' timecards, and for knowing about and encouraging a practice of changing expired labels, but Plaintiff refutes the truth of these allegations and argues these stated reasons are false. (*Id.* ¶¶ 49-50.)

Plaintiff filed a Complaint on July 24, 2024, and an Amended Complaint on July 26, 2024, in the Superior Court of New Jersey, alleging pregnancy discrimination, disability discrimination, perception of disability discrimination, failure to accommodate disability, and unlawful retaliation under the New Jersey Law Against Discrimination ("NJLAD") (Counts I to V), interference and retaliation in violation of the Family Medical Leave Act ("FMLA") (Counts VI and VII), interference and retaliation in violation of the New Jersey Family Leave Act ("NJFLA") (Counts VIII and IX), pay discrimination in violation of the Diane V. Allen Equal Pay Act ("NJEPA") (Count X), pay discrimination in violation of the NJLAD (Count XI), and requesting equitable relief (Count XIII). (ECF No. 1.) This case was subsequently removed to this Court. (*Id.*) Defendants move to dismiss Plaintiff's discrimination claims under the NJFLA (Counts VIII and IX) and pay discrimination claims (Counts X and XI) for failure to state a claim under Rule 12(b)(6). (Defs.' Moving Br. 4, ECF No. 9.)

## II.     LEGAL STANDARD

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must

identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III.  DISCUSSION

In moving to dismiss Counts VIII, IX, X and XI of Plaintiff's Amended Complaint, Defendants argue: (1) Plaintiff's claims under the NJFLA (Counts VIII and IX) fail as a matter of law because Plaintiff was not entitled to leave under the NJFLA at the time of her termination; and (2) Plaintiff's pay discrimination claims under the NJEPA and NJLAD (Counts X and XI) fail to state a claim because they are inadequately pled under Rule 8's pleading standard. (Defs.' Moving Br. 4.) The Court addresses each of these arguments in turn.

####    A.    NJFLA Claims (Counts VIII and IX)

The NJFLA entitles an eligible employee to up to twelve weeks of leave in order to care for a newly born child. N.J. Stat. Ann. § 34:11B-4 (West 2024); N.J. Admin. Code § 13:14-1.5(a) (2025). Similar to the FMLA, the NJFLA requires that an employee who intends to take such leave

provide the employer with notice no later than thirty days prior to the commencement of the leave, except where emergent circumstances warrant shorter notice. N.J. Admin. Code §§ 13:14-1.5(c), 14-1.4(a)(2)(i) (2025).

Under the NJFLA, it is unlawful for an employer to "interfere with, restrain[,] or deny the exercise of or the attempt to exercise" an employee's rights under the statute. N.J. Stat. Ann. § 34:11B-9(a) (West 2024). To assert a valid claim under the NJFLA, a plaintiff must allege: (1) the plaintiff is an eligible employee; (2) the defendant is an employer subject to the statute; (3) the plaintiff was entitled to leave; (4) the plaintiff notified the defendant of the intention to take leave; and (5) the defendant denied the plaintiff the benefits the plaintiff was entitled to. *Parker v. Hanhemann Univ. Hosp.*, 234 F. Supp. 2d 478, 483 (D.N.J. 2002). When assessing claims under the NJFLA and FMLA, courts "apply the same standards and framework" due to the similarity in statutes. *Wolpert v. Abbott Labs.*, 817 F. Supp. 2d 424, 437 (D.N.J. 2011) (citing *Santosuosso v. NovaCare Rehab.*, 462 F. Supp. 2d 590, 596 (D.N.J. 2006)).

Defendants' only argument for dismissal of the NJFLA claims is that Plaintiff was not yet "entitled to" leave under the NJFLA because the NJFLA does not allow an expecting employee to commence leave until the child is born, and Plaintiff was only pregnant at the time of her termination. (Defs.' Moving Br. 4, 7-8.) Defendants, however, fail to cite a single case in which a plaintiff who requested leave was found to be not "entitled to" leave under the NJFLA because she was terminated prior to the birth of her child.[3] (*Id.* 7-8.)

---

[3] The Court, on the other hand, has found interference and retaliation claims brought under the NJFLA to be adequately pled even where a plaintiff was terminated from her employment prior to the birth of her child. *See, e.g.*, *Kong v. Johnson & Johnson*, No. 23-3091, 2024 WL 1640996, at *7 (D.N.J. Apr. 15, 2024) (denying motion to dismiss discrimination claims brought under the NJFLA where plaintiff was terminated while pregnant and prior to giving birth).

To the contrary, cases assessing NJFLA and FMLA claims make clear that a plaintiff need only "invoke" one's rights under the NJFLA or FMLA to validly assert an interference or retaliation claim under these statutes, and a plaintiff invokes these rights upon providing notice to the employer of the intent to take leave. *Hong Zhuang v. EMD Performance Materials Corp.*, No. 18-1432, 2018 WL 3814282, at *2 (D.N.J. Aug. 10, 2018) (explaining that the plaintiff "invoke[d] her right" to NJFLA and FMLA leave by providing notice to her employer of her need to take leave); *D'Alia v. Allied-Signal Corp.*, 614 A.2d 1355, 1358 (N.J. Sup. Ct. App. Div. 1992) ("In order to invoke the rights granted by the [NJFLA], an employee must give 'advance notice' to the employer"); *see also* N.J. Stat. Ann. § 34:11B-4 (West 2024) (an employee "shall be entitled to a family leave of 12 weeks in any 24-month period *upon advance notice to the employer* . . . unless the employer denies family leave") (emphasis added).

Here, Plaintiff alleges she provided notice to Sridhar of her intent to take maternity leave around June 2023 and submitted a formal request for leave on August 30, 2023. (Am. Compl. ¶¶ 25, 45.) Plaintiff's request for leave was approved on August 31, 2023. (*Id.* ¶ 46.) Accordingly, when Plaintiff provided notice of her intent to take family leave following the birth of her child, Plaintiff "invoke[d] [her] rights" granted by the NJFLA. *D'Alia*, 614 A.2d at 1358 (N.J. Sup. Ct. App. Div. 1992) (citing N.J. Stat. Ann. § 34:11B-4); *see also Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 508-09 (3d Cir. 2009) ("[T]he requirement that an employee 'take' FMLA leave" refers to an "invocation of FMLA rights, not actual commencement of leave"); *Browning v. Liberty Mut. Ins. Co.*, 178 F.3d 1043, 1049 (8th Cir. 1999), *cert. denied*, 528 U.S. 1050 (1999) (an employer's duties under the FMLA are triggered when an employee provides information sufficient to put the employer on notice of the need for FMLA leave); *Washington v. Cooper Hosp./Univ. Med. Ctr.*, No. 03-5791, 2005 WL 3299006, at *9 (D.N.J. Dec. 2, 2005) ("The NJFLA is similar to the FMLA in terms of its notice and entitlement provisions.")

Defendants urge the Court to hold that a plaintiff must in fact commence leave under the NJFLA in order to validly assert an interference or retaliation claim under this statute. Such a holding, however, would lead to a "patently absurd" result in that it would "perversely allow a[n] employer to limit [a] plaintiff's theories of recovery by preemptively firing her." *Erdman*, 582 F.3d at 508. The absurdity of this result is heightened in view of the fact that the NJFLA requires employees to provide at least thirty-days' notice prior to the commencement of leave. *See* N.J. Admin. Code §§ 13:14-1.5(c), 14-1.4(a)(2)(i) (2025). Under Defendants' interpretation of the statute, an employer could freely fire an employee *after* providing the required notice, so long as the employer terminated the employee *prior* to the commencement of her scheduled leave. *See id.* The Third Circuit declined to reach such a "patently absurd" result with respect to FMLA claims in *Erdman*, and this Court follows suit here. As such, Defendants' Motion to Dismiss the interference and retaliation claims under the NJFLA (Counts VIII and IX) is denied.

B. **NJEPA & NJLAD Claims (Counts X and XI)**

Defendants also move to dismiss Plaintiff's pay discrimination claims for failure to adequately plead a claim because Plaintiff's allegations are nothing more than a "formulaic recitation of the elements of a cause of action" and fail to plead any underlying facts, such as the names or identifying information about the employees that were compensated at a higher rate, salary information, or where these employees worked. (Defs.' Moving Br. 8-9.) The Court agrees with Defendants.

The NJEPA provides that "[n]o employer shall discriminate in any way in the rate or method of payment of wages to any employee because of his or her sex." N.J. Stat. Ann. § 34:11-56.2 (West 2024). The NJLAD provides that it is unlawful for an employer to discriminate against an individual "in compensation or in terms, conditions[,] or privileges of employment" because of the individual's "sex, gender identity or expression, . . . [or] disability." *Id.* § 10:5-12(a).

7

In asserting pay discrimination claims under the NJEPA and NJLAD, Plaintiff makes the following boilerplate allegations: (1) "Plaintiff's job was similar to the job of at least one or more other persons who were not a member of the same protected class as Plaintiff;" (2) "Plaintiff received lower wages than such person who is not a member of the same protected class;" (3) "[t]he work Plaintiff performed for Defendants was substantially equal to that performed by male employees;" and (4) "Plaintiff received a different rate of pay for this substantially equal work." (Am. Compl. ¶¶ 82, 84.)

Plaintiff fails to offer any factual context for these claims, such as who these male employees were, where they worked, what roles they held, what salaries they received, or how their salaries compared to Plaintiff's. Without more, these allegations are "mere conclusory statements" and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that are insufficient to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678. The Court, however, finds good cause to permit Plaintiff to file an amended complaint. Should Plaintiff choose to reassert these claims in an amended complaint, Plaintiff must include sufficient factual allegations underlying these claims. Plaintiff's pay discrimination claims under the NJEPA (Count X) and NJLAD (Count XI) are thus dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendants' Motion to Dismiss. Defendants' Motion to Dismiss is granted as to Plaintiff's pay discrimination claims

(Counts X and XI) and is otherwise denied. An Order consistent with this Memorandum Opinion will be entered.

                                                                /s/                        

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**